MARC A. PILOTIN
Regional Solicitor
JESSICA FLORES
Counsel for Civil Rights and Whistleblower Litigation
DAVID H. CLARK (DCBN 1722889)
Senior Trial Attorney
ROSE MELTZER (AZBN 039210)
Trial Attorney
UNITED STATES DEPARTMENT OF LABOR
909 First Avenue, Suite 230
Seattle, WA 98104
Telephone: 267-765-6749
Email: Clark.David.H@dol.gov
Email: Meltzer.Rose.C@dol.gov
*Attorneys for Plaintiff Lori Chavez-DeRemer,
United States Secretary of Labor*

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LORI CHAVEZ-DEREMER,<br>    Secretary of Labor,<br>        United States Department of Labor,<br><br>                            Plaintiff,<br>        v.<br><br>UNITED STATES POSTAL SERVICE,<br><br>                            Defendant. | Case No. [Case Number]<br><br>**COMPLAINT – 29 U.S.C. §660(c)** |

COMPLAINT – 29 U.S.C. §660(c)
Case No. [Case Number]

# INTRODUCTION

Plaintiff Lori Chavez-DeRemer, Secretary of Labor, U.S. Department of Labor ("the Secretary") brings this action for injunctive and other relief under Section 11(c) of the Occupational Safety and Health Act of 1970, as amended, (29 U.S.C. §§ 651-78), seeking to enforce its provisions. The United States Postal Service ("USPS") violated the Occupational Safety and Health Act of 1970 by firing two City Carrier Assistants ("CCAs") for reporting workplace injuries. This conduct is consistent with the Postal Service's pervasive pattern of unlawfully retaliating against probationary employees for reporting workplace injuries, which the Secretary seeks to end.

# JURISDICTION

1. Jurisdiction of this action is conferred upon the Court by Section 11(c) of the Act, 29 U.S.C. § 660(c)(2). This Court also has subject matter jurisdiction of this action under 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1345 (United States as plaintiff).

# VENUE

2. Venue is proper in the Eastern District of California because it is the judicial district in which a substantial part of the events or omissions giving rise to the claim occurred.

# PARTIES

3. The Secretary brings this action for injunctive and other relief, pursuant to Section 11(c) of the Occupational Safety and Health Act of 1970, as amended, (29 U.S.C. §§ 651-78) ("the Act").

4. Defendant USPS sorts and delivers mail out of facilities located in Bakersfield, California and Tracy, California, which are both within this Court's jurisdiction. Defendant USPS is now, and was at all relevant times, a person as defined in 29 U.S.C. § 652(4)-(6).

# FACTS REGARDING AGGRIEVED EMPLOYEES

5. USPS has retaliated in violation of Section 11(c) of the Act against two of its employees.

## I. TABITHA SWIFT

6. On or about September 23, 2023, USPS hired Swift as a CCA at the Stockdale Post

Office in Bakersfield, California. At all relevant times, Swift was a USPS employee as defined in 29 U.S.C. §§ 652(5)-(6).

7. Because she was a new employee, Swift was hired subject to a 90-day probationary period that was scheduled to end on or about December 21, 2023.

8. USPS completed a PS Form 1750 for Swift on October 23 and November 21, 2023. During Swift's 60-day evaluation, USPS informed Swift that she was missing too many days of work, but a form completed the same day recorded that Swift only had two unscheduled absences for sick leave. USPS did not take any action to terminate Swift's employment at that time.

9. On November 24, 2023, Swift was delivering packages on her assigned route as a CCA when she shut a door on her right index finger. Swift immediately returned to the office to report the injury to a supervisor. The same day, an emergency room doctor diagnosed her with a broken finger.

10. Between November 27 and December 12, Swift attended four doctors' appointments and was told she could work full shifts on light duty. After each appointment, Swift brought the doctors' notes to USPS and asked if there was any work available within her restrictions. Each time, USPS told Swift there was none.

11. On December 14, USPS terminated Swift's employment. The termination letter stated that Swift was being terminated for reasons including "failure to work safely during [her] probationary period."

12. Swift filed a whistleblower complaint with OSHA on December 18, 2023, alleging that USPS retaliated against her for reporting her workplace injury in violation of § 11(c)(1) of the Act, 29 U.S.C. § 660(c)(1).

13. By the acts described above, and by each of said acts, Defendant USPS discharged Swift because Swift exercised her rights under or related to the Act, i.e., reporting a workplace injury. Thus, Defendant engaged in, and is engaging in, conduct in violation of §11(c)(1) of the Act. 29 U.S.C. § 660(c)(1).

II. **BELAL ABUKHDAIR**

14. On or about May 20, 2023, USPS hired Belal Abukhdair as a CCA. Abukhdair

began reporting to the Tracy Post Office in Tracy, California on June 12, 2023. At all relevant times, Abukhdair was a USPS employee as defined in 29 U.S.C. §§ 652(5)-(6).

15. Because he was a new employee, Abukhdair was hired subject to a 90-day probationary period, which was scheduled to end on or about September 18, 2023.

16. On June 15, 2023, Abukhdair told his supervisor, Kenneth Chester, that he did not want to train in a truck that looked unsafe because one of its doors was attached with duct tape. Chester directed Abukhdair to use the truck anyway.

17. On July 17, 2023, USPS Postmaster Sachin Uttam completed part of PS Form 1750 and provided Abukhdair with a 30-day performance evaluation. Uttam directed Abukhdair to initial underneath the 60-day evaluation field, which was then blank.

18. Later, at an unknown time, USPS altered the PS Form 1750. USPS retroactively lowered one of the ratings from Abukhdair's 30-day evaluation. Although Abukhdair never received a 60-day evaluation, USPS also recorded universally negative ratings in the 60-day evaluation field.

19. On August 2, 2023, Abukhdair was walking along his evening delivery route when he injured his ankle. Abukhdair sought medical attention the following day and learned that his ankle was sprained. Abukhdair informed USPS supervisors of his injury and doctor's appointment on August 2.

20. On August 4, 2023, Chester refused for several hours to provide Abukhdair with the forms required to seek continued medical care.

21. Between August 4 and 15, 2023, Abukhdair attended additional medical appointments and was placed on leave from August 2 to September 30, 2023. On August 16, 2023, Abukhdair personally handed Uttam the doctor's note excusing him from work until September 30, 2023.

22. On September 11, 2023, during Abukhdair's leave, USPS terminated Abukhdair's employment.

23. On September 18, 2023, Abukhdair filed a formal whistleblower complaint to OSHA, alleging that Defendant USPS retaliated against him by firing him in violation of § 11(c)(1)

of the Act, 29 U.S.C. § 660(c)(1).

24. By the acts described above, and by each of said acts, Defendant USPS discharged Abukhdair because Abukhdair exercised his rights under or related to the Act, i.e., reporting a workplace injury. Thus, Defendant engaged in, and is engaging in, conduct in violation of Section 11(c)(1) of the Act. 29 U.S.C. § 660(c)(1).

## USPS'S HISTORY OF VIOLATING § 11(C) OF THE ACT

25. USPS has a widespread pattern of terminating probationary employees who report injuries in violation of § 11(c) of the Act. Other civil actions involving this pattern include:

 a. *Chavez-DeRemer v. United States Postal Serv.*, No. 2:25-cv-00057-RLP (E.D. Wash.), filed on February 18, 2025 and currently pending.

 b. *Su v. United States Postal Serv.*, No. 3:22-CV-01176 (W.D. Wash.); *Su v. United States Postal Serv.*, No. 3:22-CV-06002 (W.D. Wash.); *Su v. United States Postal Serv.*, No. 3:23-CV-05007 (W.D. Wash.), all of which involved OSHA's "findings that the USPS violated the Act when it terminated the complainant probationary employees . . . because they reported a work-related injury" and resulted in a permanent injunction against the USPS for 59 facilities in western Washington requiring USPS to "evaluat[e] probationary employees based on their medical restrictions, provid[e] feedback and their performance evaluations as required in its PS Form 1750, and/or extend their probationary periods as warranted";

 c. *Su v. United States Postal Serv.*, No. 3:21-cv-01454, 733 F. Supp. 3d 983, 2024 WL 2106217 (D. Or. 2024), in which the District of Oregon held following a bench trial that the USPS retaliated against a probationary employee in violation of Section 11(c)(1) of the Act;

 d. *Su v. United States Postal Serv.*, No. 3:22-CV-05180, 2023 WL 3172867, at *5, *clarified*, 2023 WL 5206369 (W.D. Wash. Aug. 14, 2023), where the Western District of Washington granted partial summary judgment to the then-Acting Secretary and issued a permanent injunction against USPS's facilities in Tacoma, Washington restraining USPS from violating OSHA 11(c). Among other things, the Order required USPS to

"[g]ive probationary employees who report work-related injuries equal opportunity to pass probation; this includes but is not limited to evaluating them based on their medical restrictions, providing feedback and their performance evaluations, and/or extending their probationary periods as warranted";

e. *Walsh v. USPS*, No. 2:20-cv-00138, Dkt. No. 128 (W.D. Pa October 28, 2022), where, after USPS lost its motion for summary judgment, the Court entered a consent judgment wherein USPS stipulated to violating Section 11(c) of the Act when it terminated a probationary employee for reporting an injury; and

f. Other pending and resolved cases.

26. USPS has failed to change its policies and practices to prevent further violations of Section 11(c) of the Act. Unless restrained by an injunction of this Court, USPS will continue to violate Section 11(c) of the Act through unlawfully retaliating against probationary employees who report injuries.

## CLAIM FOR RELIEF

## VIOLATIONS OF SECTION 11(c) OF THE

## OCCUPATIONAL SAFETY AND HEALTH ACT

27. By the acts described above, and by each of said acts, Defendant discharged Swift and Abukhdair because they exercised rights under or related to the Act, i.e., reporting a workplace injury, and thereby Defendant engaged in, and is engaging in, conduct in violation of Section 11(c)(1) of the Act. 29 U.S.C. § 660(c)(1).

## PRAYER FOR RELIEF

WHEREFORE, cause having been shown, the Secretary of Labor prays for a Judgment against Defendant as follows:

28. For an Order permanently enjoining Defendant, its officers, agents, servants, employees and all persons acting or claiming to act in their behalf and interest from violating the provisions of Section 11(c)(1) of the Act, 29 U.S.C. § 660(c)(1); and

29. For all appropriate relief, including:

a. Payment to Swift and Abukhdair for lost wages and benefits, compensatory

damages including emotional distress damages, and all other appropriate relief, plus pre- and post-judgment interest accruing thereon; and

        b.      For an Order directing Defendant to expunge any adverse references from Swift and Abukhdair's personnel records and to reinstate Swift and Abukhdair with full-time employment and all attendant benefits and privileges; and

        c.      For an Order directing Defendant USPS and its officers, supervisors, and lead employees to be trained in the whistleblower provisions of the Act; and

        d.      For an Order requiring posting in a prominent place at Defendant USPS' facilities for 90 (ninety) days a Notice stating Defendant will not in any manner discriminate against employees because of engagement, whether real, perceived, or suspected, in activities protected by Section 11(c) of the Act; and

For an Order granting such other and further relief as may be necessary and appropriate in this action, including costs and attorneys' fees.

Dated: March 13, 2026

Respectfully submitted,

JONATHAN BERRY
Solicitor of Labor

MARC A. PILOTIN
Regional Solicitor

JESSICA FLORES
Counsel for Civil Rights and Whistleblower Litigation

DAVID H. CLARK
Senior Trial Attorney

*/s/ Rose Meltzer*
ROSE MELTZER
Trial Attorney
*Attorneys for Plaintiff Lori Chavez-DeRemer, United States Secretary of Labor*