MARC A. PILOTIN
Regional Solicitor
JESSICA FLORES
Counsel for Civil Rights and Whistleblower Litigation
DAVID H. CLARK (DCBN 1722889
Senior Trial Attorney
ROSE C. MELTZER (AZBN 039210)
Trial Attorney
UNITED STATES DEPARTMENT OF LABOR
909 First Avenue, Suite 230
Seattle, WA 98104
Telephone: 206-757-6749
Email: clark.david.h@dol.gov
*Attorneys for Plaintiff Keith E. Sonderling,*
*United States Acting Secretary of Labor*

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KEITH E. SONDERLING,
Acting Secretary of Labor,
United States Department of Labor,

Plaintiff,

v.

UNITED STATES POSTAL SERVICE,

Defendant.

Case No. 1:26-cv-02042-CDB

**~~[PROPOSED]~~ STIPULATED PROTECTIVE ORDER REGARDING PRODUCTION OF CONFIDENTIAL INFORMATION <u>AS MODIFIED</u>**

## I. PURPOSE AND LIMITATIONS

Discovery in this action involves production of confidential and private medical information. Accordingly, the Secretary of Labor, U.S. Department of Labor ("Secretary") and Defendant United States Postal Service ("Defendant"), (collectively the "parties"), hereby stipulate to and petition the court to enter the following Stipulation Regarding Production of Confidential Information. This agreement does not confer blanket protection on all disclosures or responses to discovery. The protection it affords from disclosure and use extends only to the limited information or items entitled to confidential treatment under applicable legal principles.

///

## II. "CONFIDENTIAL" MATERIAL

A "CONFIDENTIAL" designation shall be applied only to information related to personally identifiable information and private medical records and other private medical information (hereinafter, "confidential material", "confidential information", or "medical information"). Any document either Party obtains directly through any medical release or pertaining to files with the Department of Labor Office of Workers' Compensation Programs ("OWCP") shall be designated "CONFIDENTIAL."

## III. SCOPE

The protections conferred by this agreement cover not only confidential material (as defined above), but also (1) any information copied or extracted from confidential material; (2) all copies, excerpts, summaries, or compilations of confidential material; and (3) any testimony, conversations, or presentations by parties or their counsel that might reveal confidential material.

## IV. ACCESS TO AND USE OF CONFIDENTIAL MATERIAL

### A. Basic Principles

Either Party may disclose confidential material only to the categories of persons and under the conditions described in this agreement. The Parties must store and maintain confidential material in a secure location and manner so as to ensure that access is limited to the persons authorized under this agreement.

### B. Individuals Entitled to Access Confidential Information

Unless otherwise ordered by the court or permitted in writing by the producing Party, confidential material may only be provided to the following:

(a) The receiving Party's counsel of record in this action, as well as employees or agents of the receiving Party's counsel, and insurance carrier personnel, to whom it is reasonably necessary to disclose the information for this litigation;

(b) experts and consultants to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c) the court, court personnel, and court reporters and their staff;

(d) the author, author's agent, or other person with personal knowledge about a confidential document;

(e) a mediator for purposes of mediating this matter who has signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A)

(f) deponents to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A). Within three business days after the deposition transcript is finalized, counsel who conducted the deposition shall collect from the deponent all confidential material, including any tangible material described in Section III above, in the witness's possession, custody, or control;

(g) Individuals serving in the capacity of the receiving Party's representative, including for purposes of responding to written discovery, testimony, or case management, and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A). At the conclusion of this litigation, the receiving Party's counsel shall collect from these individuals all confidential material, including any tangible material described in Section III above, in the individual's possession, custody, or control.

For the period specified in Section VIII below, the receiving Party shall maintain a copy of any Exhibit A signed pursuant to this Section. With the exception of any Exhibit A signed pursuant to IV.B(b) above, the receiving Party shall produce to the producing Party any executed Exhibit A within three days of its execution. In the case of an Exhibit A signed pursuant to IV.B(b) above, the receiving Party shall produce the Exhibit A to the producing Party along with any disclosure required under Federal Rule of Civil Procedure 26(a)(2).

C. **Filling Confidential Material**

If either Party seeks to file any confidential material or reference confidential material in court filings, the Party shall comply with Local Rule of Civil Procedure 141, which includes—among other things—conferring in advance with the producing Party to evaluate the need to file the document under seal and whether the parties can agree on a stipulation to have the proposed filing under seal.

D. **Manner and Timing of Designations**

Except as otherwise provided in this agreement, or as otherwise stipulated or ordered, any confidential information that qualifies for protection must be clearly designated as confidential at the time of disclosure. The parties will rely on the following methods to designate information as confidential.

(a) Information in documentary form: (e.g., paper or electronic documents and deposition exhibits, but excluding transcripts of depositions or other pretrial or trial proceedings), the parties will affix the word "CONFIDENTIAL" to each page that contains confidential material. If only a portion or portions of a document warrants protection, the parties, to the extent practicable, shall identify the protected portion(s).

(b) Testimony given in deposition or in other pretrial proceedings: the parties must identify on the record, during the deposition or other pretrial proceeding, all protected testimony, without prejudice to his right to so designate other testimony after reviewing the transcript.

(c) Other tangible items: the parties must affix the word "CONFIDENTIAL" in a prominent place on the exterior of the container or containers in which the information or item is stored. If only a portion or portions of the information or item warrant protection, the parties, to the extent practicable, shall identify the protected portion(s).

(d) Any documents a Party obtains directly pursuant to a release: the Party will affix the word "CONFIDENTIAL" to each page or tangible item that it obtains directly through a release.

If a receiving Party objects to the designation of particular records as "Confidential" or the producing Party objects to the designation of a person as a qualified person permitted to review the confidential materials as described in Paragraph IV.B and the parties cannot resolve such objection after conferring in good faith, the designating party shall be permitted to bring the matter for the court to resolve.

E. **Inadvertent Failures to Designate**

If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the producing Party's right to secure protection under this agreement for any confidential information. Upon timely correction of a designation, the receiving Party and its agents must make reasonable efforts to ensure that the material is treated in accordance

with the provisions of this agreement.

## V. CHALLENGING CONFIDENTIALITY DESIGNATIONS

### A. Timing of Challenges

Any Party or Non-Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

### B. Meet and Confer

The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order. The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within 14 days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

### C. Judicial Intervention

If the Parties cannot resolve a challenge without court intervention, the Designating Party shall, within 21 days of the initial notice of challenge or within 14 days of the parties agreeing that the meet and confer process will not resolve their dispute, whichever is later, shall contact the Court to request a conference with the Court in an effort to resolve any such dispute only

after having exhausted the Court's mandatory informal discovery dispute procedures as set forth in the operative scheduling order (Doc. 18 at 3-5) and referenced herein: No written discovery motions shall be filed without the prior approval of Judge Baker. A party with a discovery dispute must first confer with the opposing party in a good faith effort to resolve by agreement the issues in dispute. If that good faith effort is unsuccessful, prior to making any filing, the requesting party promptly shall seek a conference with all involved parties and Judge Baker. To schedule this conference, the parties should contact the Courtroom Deputy Clerk, Cori Boren, at (661) 326-6620 or via email at CBoren@caed.uscourts.gov. At least two days before the conference, counsel shall file a joint, informal letter brief detailing each party's position. Each party's narrative shall not exceed five pages, excluding exhibits, and shall cite relevant authority in support of the party's position. At the commencement of the conference, if the parties jointly agree to Judge Baker's consideration and resolution of the discovery disputes outside the formal Local Rule 251 procedures, the Court will entertain arguments by the parties and issue a written ruling. If the parties do not jointly agree to the informal discovery dispute resolution procedures set forth herein, the requesting party may then seek relief through motion to compel. Counsel must comply with Local Rule 251 with respect to discovery disputes and certify their compliance in any discovery motion. Failure by the Designating Party to make such a motion shall automatically waive the confidentiality designation for each challenged designation. In addition, the Challenging Party may file a motion challenging a confidentiality designation only after having exhausted the Court's mandatory informal discovery dispute procedures as referenced above, including a challenge to the designation of a deposition transcript or any portions thereof. Any motion brought pursuant to this provision must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed by the preceding paragraph and has exhausted the Court's mandatory informal discovery dispute procedures as referenced above.

Failure by the Designating Party to make such a request to the Court shall automatically waive the confidentiality designation for each challenged designation. In addition, the Challenging Party request a conference with the Court challenging a confidentiality designation

at any time if there is good cause for doing so, including a challenge to the designation of a deposition transcript or any portions thereof.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived the confidentiality designation by failing to submit a request to the Court for an informal discovery conference to retain confidentiality as described above, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the court rules on the challenge.

**VI. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

If the receiving Party or any of its agents is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL," the receiving Party or that agent must:

(a) promptly notify the producing Party in writing and include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this agreement. Such notification shall include a copy of this agreement; and

(c) cooperate with respect to all reasonable procedures pursued by the producing Party to protect confidential material.

**VII. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If the receiving Party or any of its agents learns that, by inadvertence or otherwise, it has disclosed confidential material to any person or in any circumstance not authorized under this agreement, the receiving Party or that agent must immediately:

(a) notify the producing Party of the unauthorized disclosures in writing,

(b) use its best efforts to retrieve all unauthorized copies of the protected material,

(c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this agreement, and

(d) request that such person or persons execute the “Acknowledgment and Agreement to Be Bound” that is attached hereto as Exhibit A. Further, if the requesting Party obtains confidential information pursuant to a release that is not relevant to the present litigation or outside the scope of any court order, the requesting Party will immediately inform Counsel for the producing Party. If the producing Party claims that the requesting Party has received protected information that is not relevant to the present litigation or outside the scope of any court order, the requesting Party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until any claim of relevance is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of its relevance. The producing Party must preserve the information until the claim is resolved.

## VIII. INADVERTENT PRODUCTION OF PRIVILEGED OR OTHER PROTECTED MATERIAL TO NON-PARTIES

When a producing party gives notice to receiving parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the receiving parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order or agreement that provides for production without prior privilege review. The parties agree to the entry of a non-waiver order under Fed. R. Evid. 502(d) as set forth herein.

## IX. TERMINATION AND RETURN OF DOCUMENTS

Within 60 days after the termination of litigation, including all appeals, the requesting Party and any individual to whom it or its counsel has disclosed confidential information pursuant to Section IV.B.(a), (b), (d), (f), or (g) must return all confidential material to the producing Party, including all copies, extracts and summaries thereof. The requesting Party and its counsel must certify all Covered Persons’ compliance with this provision or efforts to obtain

such compliance.

Notwithstanding this provision, counsel are entitled to retain one archival copy of all documents filed with the court, trial, deposition, and hearing transcripts, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain confidential material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order and then the Federal Records Act.

Pursuant to this Stipulation between the parties, the provisions of this Order shall be deemed binding on the parties upon their execution of this document in order to facilitate the exchange of confidential material before this Order has been signed and entered.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

Dated: August 3, 2026

JONATHAN BERRY
Solicitor of Labor

MARC A. PILOTIN
Regional Solicitor

JESSICA FLORES
Counsel for Civil Rights and
Whistleblower Litigation

DAVID H. CLARK
Senior Trial Attorney

*/s/ ROSE C. MELTZER*
ROSE C. MELTZER
Trial Attorney
909 First Ave., Suite 230
Seattle WA, 9104
meltzer.rose.c@dol.gov
(202) 693-5408

*Attorneys for Plaintiff, Acting Secretary of Labor, United States Department of Labor*

Dated: August 3, 2026

/s/ Nadalynn Jenkins
NADALYNN JENKINS
Attorney
Nadalynn.F.Jenkins@usps.gov
United States Postal Service
660 Data Dr., Ste. 100
Plano, Texas 75075
Tel: (214) 252-6135

ELDRIN MASANGKAY
Attorney

*Attorneys for Defendant,*
*United States Postal Service*

IT IS SO ORDERED.

Dated: **August 3, 2026**

UNITED STATES MAGISTRATE JUDGE

**EXHIBIT A**

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____________________ [print or type full name], of _________________________ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Order Regarding Production of Confidential Information ("Stipulation") that was issued by the United States District Court for the Eastern District of California on August 3, 2026, in the case of Keith E. Sonderling, Acting Secretary of Labor v. United States Postal Service, Case No.1:26-cv-02042-CDB. I agree to comply with and to be bound by all the terms of the Stipulation and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulation to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Eastern District of California for the purpose of enforcing the terms of this Stipulation, even if such enforcement proceedings occur after termination of this action.

I hereby appoint __________________________ [print or type full name] of _______________________________________ [print or type full address and telephone number] as my agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulation.

Date: ______________________________________

City and State where sworn and signed: _________________________________

Printed name: _______________________________

Signature: _________________________________